**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JAMES CARSON ) <br> 7947 QUILL POINT ROAD ) <br> BOWIE, MD 20720 ) <br> ) <br> KELLEE CARSON ) <br> 7947 QUILL POINT ROAD ) <br> BOWIE, MD 20720 ) <br> ) <br>       Plaintiffs ) <br> ) <br>   vs. ) <br> ) <br> JACK HARRIS, INC. ) <br> 8855 ANNAPOLIS RD STE 107 ) <br> LANHAM, MD 20706 ) <br> ) <br>       Defendant ) | CIVIL NO.   8:11-cv-2204 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

1.  This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), the Maryland Consumer Protection Act (the "MCPA"), the Maryland Consumer Debt Collection Act (the "MCDCA") and the Common Law of Maryland.

**JURISDICTION**

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here and is a Maryland Corporation.

**THE PARTIES**

1

4. Plaintiffs James Carson and Kellee Carson are natural persons who reside in the City of Bowie, State of Maryland, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Jack Harris, Inc. (hereinafter "Defendant"), is a collection agency operating from an address of 8855 Annapolis Rd., Ste. 107, Lanham, MD 20706 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

6. On or about 2010, Mr. and Mrs. Carson incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), specifically a personal debt with Harbor Gates Apartment Complex.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from the Carsons.

*Communication of July 1st, 2011*

8. On or about July 1st, 2011, the Defendant made a "communication" as defined by 15 U.S.C. § 1692a(2) in an attempt to collect the debt.

9. Specifically, an agent of the Defendant telephoned Mr. Carson's place of employment and spoke with the office administrative assistant.

10. At no time during this communication did the Defendant identify itself as a debt collection agency. Instead, and in direct violation of the consumer protection statutes prayed herein, Defendant's agent falsely and unconscionably told the administrative assistant that Mr. Carson had a "serious family emergency" and provided a contact number for Mr. Carson to call. Defendant's ploy worked. Worried, concerned and distraught about the

alleged family emergency, Mr. Carson called the telephone number left by Defendant's agent only to discover that it was the direct dial to Defendant's collection department.

11.     As a result of Defendant's gross and outrageous misrepresentation that he had a family emergency when none existed, Mr. Carson suffered and continues to suffer from severe emotional distress. He distrusts any third party communication, has become increasingly frustrated and angered by his inability to prevent this type of communication, and is anxious about the inappropriate and illegal means Defendant would employ to pursue collection of this debt.  Additionally, Mr. Carson was embarrassed and humiliated when he responded to concerned co-workers that no family emergency existed but the call was from a debt collector.  Because of this incident, moreover, Mrs. Carson suffered and continues to suffer from fear about this debt collector's future conduct as well as concern for her husband's well-being causing the couple notable stress and disharmony in their heretofore good marriage.

*Further Third Party Communications*

12.     As if the above incident was not disturbing and upsetting enough for the Carsons, Defendant raised the stakes and this time jeopardized Mr. Carson's employment when it directly telephoned Mr. Carson's boss, Rick Otterstat.

13.     In a pattern of total disregard for Mr. Carson's right to be free from false and misleading communications concerning or relating to an alleged debt, once again Defendant did not identify itself as a debt collector.  Just as before, Defendant told Mr. Otterstat that it was trying to contact Mr. Carson about a "serious family emergency" and further stated that Mr. Carson should contact the provided telephone number.

3

14. Having no reason to question the veracity of the message and concerned about his employee, Mr. Otterstat immediately pulled Mr. Carson off an important and time-sensitive project so that Mr. Carson could attend to the emergency.

15. Distraught and uncertain about the family emergency, Mr. Carson called the telephone number only to discover that he telephoned Jack Harris Collection Agency. There was no family emergency.

16. As a result of this illegal communication, the ongoing injuries suffered by Mr. Carson from the previous incident of emotional distress, frustration and anxiety were exacerbated. This communication, however, caused Mr. Carson to be additionally concerned about both his job security and relationship with his boss and superior, Mr. Otterstat. His ability to perform his job was directly interrupted and compromised as Mr. Carson remained in a constant state of uncertainty and anxiety as to when Defendant would next call his place of employment, what means Defendant would use to induce him to call the debt collector, and whether his boss thought he was not responsible to pay his bills and therefore developed a negative opinion of him. The Carsons, moreover, are now experiencing increased marital discord and loss of consortium. Defendant's actions were and continue to be a stressor in the Carsons' daily lives.

*Additional Communications*

17. In addition to the above described third party contacts, Defendant's harassment of the Carsons continued unabated and with greater frequency in a variety of ways when Defendant repeatedly and without interruption telephoned both Mr. and Mrs. Carson on their mobile and work phones.

18. Specifically, Defendant's agents continued to telephone Mr. Carson two more times at work, despite being repeatedly told that he could not accept personal calls at work.

19. In further attempt to collect the debt, agents of the Defendant threatened Mr. Carson with legal action that it never intended to and did not pursue.

20. As to Mrs. Carson, Defendant's agents frightened her with verbal abuse when the substance of the telephone calls to her were impolite, intimidating and peppered with abusive language.

21. Specifically, a representative of Defendant Jack Harris, Inc. told Mrs. Carson that her reasons for non-payment were "BS" and continued to berate her by not believing her statements of hardship that caused the non-payment.

22. As a result of Defendant's persistent harassment, the Carsons retained an attorney and subsequently informed Defendant that they were represented by an attorney to whom all further collections inquiries should be directed.

23. Despite being informed of their representation by an attorney, the Defendant chose to continue to contacted the Carsons and attempt to collect the debt.

24. Finally, Defendant and its agents have attempted the "family emergency" ruse two additional times resulting in Mr. Carson being removed temporarily from his job to attend to the call.

25. The conduct and actions of the Defendant through its unyielding, disrespectful and untruthful communications are precisely the behavior strictly prohibited by the FDCPA and as a result constitute numerous, undeniable and direct violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692b(6),

5

1692c(a)(1), 1692c(a)(2), 1692c(a)(3), 1692(d), 1692d(2), 1692d(5), 1692d(6) 1692e, and 1692(f). Jack Ryan, Inc., moreover, as a licensed debt collector in the State of Maryland, has violated its obligation to be knowledgeable about and in compliance with the Collection Agency Law, and any other applicable State or Federal statutes and regulations as mandated by the Office of the Commissioner of Financial Regulation and thereby calls into question its right to be licensed as a debt collector here.

*Summary*

26. All of the above-described collection communications made to the Carsons by Defendant Jack Ryan, Inc. and their agents were made in direct violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the FDCPA provisions cited herein.

27. This series of abusive collections communications caused both Mr. and Mrs. Carson severe emotional distress and anxiety.

28. The repeated communications made to Mr. Carson's place of work caused him additional distress and embarrassment in front of his coworkers and employers, as well as disrupting and degrading his job performance.

29. The Carsons suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation and embarrassment, amongst other negative emotions, in addition to suffering from unjustified and abusive invasions of personal privacy.

*Respondeat Superior Liability*

30. The acts and omissions of the debt collectors employed as agents by Defendant Jack Ryan, Inc., who communicated with the Carsons as more further described herein, were

committed within the time and space limits of their agency relationship with their principal, Defendant Jack Ryan, Inc.

31. The acts and omissions by the debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Jack Ryan, Inc. in collecting consumer debts.

32. By committing these acts and omissions against the Carsons, the debt collectors were motivated to benefit their principal, Defendant Jack Ryan, Inc.

33. Defendant Jack Ryan, Inc. is therefore liable to the Carsons through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from the Carsons.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

34. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of the Defendant constitute a violation of the FDCPA, including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

36. As a result of the Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**COUNT II**
**VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT**
**MD. CODE ANN., COM LAW II §§ 14-201-14-204**

37. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the MCDCA including, but not limited to, §§ 14-201-14-204 of the MCDCA.

39. As a result of each and every Defendant's violations of the MCDCA, Plaintiffs are entitled to actual damages pursuant to §14-204 from Defendant herein.

**COUNT III**
**VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT**
**MD. CODE ANN., COM LAW II §§ 13-301 et. seq.**

40. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts of Defendant and their agents constitute an unfair and deceptive act as made applicable by 13-301(14)(iii).

42. As a result of each and every Defendant's violations of the MCDCA, Plaintiffs are entitled to actual damages and attorney's fees pursuant to 13-408 from Defendant herein.

**COUNT IV**
**INVASION OF PRIVACY**
**INTRUSION UPON SECLUSION**

43 Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

44. Defendant and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely by repeatedly and unlawfully attempting to collect a debt and thereby invaded the Plaintiffs' privacy.

45. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by tricking Mr. Carson and his boss into believing that there was a serious family emergency and that Mr. Carson should cease working.

46. Defendant and their agents intentionally and/or negligently caused emotional harm to the Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiffs' rights to privacy.

47. Plaintiffs have a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

48. The conduct of the Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

49. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages, punitive damages and attorneys fees in an amount to be determined at trial from Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, to redress the injuries caused by Defendant's conduct as stated in Paragraphs 1-49 above, Plaintiffs hereby request the following relief:

A.  for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

B.  for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

C.  for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

D.  for an award of actual damages and attorney's fees pursuant to MCPA § 13-408 against the Defendant;

E.  for an award of actual damages pursuant to the MCDPA §14-204;

F.  for an award of actual and punitive damages for Count IV, Invasion of Privacy by Intrusion Upon Seclusion; and

G.  for such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all claims so triable.

Dated: August 9, 2011                    Respectfully submitted,

                                          LAWRENCE & FISHER PLLC


                                          */s/ Morgan W. Fisher*
                                          Morgan W. Fisher, Esq..
                                          Attorney I.D.#28711
                                          155 Duke of Gloucester St.
                                          Annapolis, MD 21401
                                          Telephone:  (410) 626-6111
                                          Facsimile: (866) 393-4828
                                          mwf@lawrence-fisher.com


                                          Attorney for Plaintiffs